# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1340V
### Filed: September 18, 2019
UNPUBLISHED

|  |  |
|---|---|
| MARK PALMORE,<br><br>                              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                              Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Kayleigh Kristine Smith, Greenwood Law Firm, Houston, TX, for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 26, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered Guillain-Barre syndrome, ("GBS"), as a result of his November 28, 2016 influenza ("flu") vaccination.  Petition at 1.  On April 19, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  ECF No. 40.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website.  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 26, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 45.   Petitioner requests attorneys' fees in the amount of $18,465.00 and attorneys' costs in the amount of $663.07.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $19,128.07.

On June 27, 2019, respondent filed a response to petitioner's motion.  ECF No. 46.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

## I.  Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.  Attorneys' Fees

### A. Hourly Rates

#### i.  Kayleigh Kristine Smith, Esq.

Petitioner requests compensation for attorney Kayleigh Kristine Smith at the rate of $150 per hour time for billed in 2017, $215 per hour for time billed in 2018 and $275 per hour for time billed in 2019.  ECF No. 45 at 4-5.  Ms. Smith has been previously awarded the rates of $150 and $215 for 2017 and 2018 and the undersigned awards those rates respectively herein.  *Prokopchuck v. Sec'y of Health & Human Servs.,* No. 16-0881V, 2018 WL 4390123, (Fed. Cl. Spec. Mstr. May 7, 2018).  Regarding Ms. Smith's requested rate of $275 for 2019, the undersigned finds this rate excessive given her limited experience in the Vaccine Program[3] and her overall legal experience. *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large.

Ms. Smith's affidavit states she graduated law school in May 2015, however it does not state the date she obtained her license to practice law.  ECF No. 45-3 at 1.  In the affidavit, Ms. Smith claims that her four years of experience "fits well within the 4 to 7 years -experience 'bracket' in *McCulloch* and justifies her request for an increase in rates." *Id.*  Independent research by the Court shows that Ms. Smith became a licensed attorney in Texas in May 2016.[4]  Based on the Court's Attorneys' Hourly Rate Fee Schedule, this would place Ms. Smith in the range of attorneys' with less than four years' experience.[5]  Moreover, it is the policy of the Office of Special Masters to "calculate attorney experience when an attorney becomes licensed to practice, and not when they achieve a Juris Doctorate." *Russell v. Sec'y of Health & Human Servs.,* No. 16-1091V, 2018 WL 3989456, at *4 (Fed. Cl. Spec. Mstr. July 17, 2018); *Schwenn v. Sec'y of Health & Human Servs.,* No. 15-1148V, 2018 WL 945791, at *2 (Fed. Cl. Jan. 23, 2018) ("Attorneys are placed into the appropriate *McCulloch* range based on their years of experience as a licensed attorney, but they may move up or down within the range based upon their years of experience practicing before the Vaccine Program."); *Kunka v. Sec'y of Health & Human Servs.*, No. 16-892V, 2017 WL 694561, at *2 (Fed. Cl. Jan. 26, 2017) (calculating counsel's experience as a licensed attorney and not as a graduate of law school); *Moritz v. Sec'y of Health & Human Servs.*, 2016 WL 8786193 at *3 (Fed. Cl. Dec. 12, 2016) (calculating an attorney's experience from when she was licensed to practice in New York State); *Tinsley v. Sec'y of Health & Human Servs.*, No. 15-513V, 2016 WL 4367228, at *2 n.6 (Fed. Cl. July 21, 2016) (calculating counsel's experience from her bar admission date and not as a graduate of law school); *see also Rowan v. Sec'y of Health & Human Servs.*, No. 10-272V, 2014 WL 3375588, at *4 (Fed. Cl. June 19, 2014) (refusing to award an attorney's hourly rate for an individual who held a Juris Doctor but was not licensed to practice in any state).

---

[3] This is Ms. Smith's first case as attorney of record in the Vaccine Program.

For the reasons stated above and based on the general policy of the Office of Special Masters, the undersigned finds that Ms. Smith has three years of experience as a licensed attorney as of 2019. The undersigned reduces Ms. Smith's requested 2019 rate to $225 per hour, which is more in line with her overall experience as a licensed attorney and experience in the Vaccine Program.  This results in a reduction of attorneys' fees requested in the amount of **$835.00**.[6]

In addition to Ms. Smith's 2019 hourly rate adjustment, it appears that her requested rates for several billing entries are inconsistent with and higher than her awarded rates.  It is noted that Ms. Smith voluntarily reduced her rate to $125 per hour for the tasks that are considered paralegal, however her attorney rate fluctuates through the records.  In 2017, when Ms. Smith's awarded rate was $150 per hour, two billing entries reflect a rate of $215 per hour.  *Id.* at 2,3.  In 2018, her awarded rate was $215 per hour and the February 1, 2018 entry reflects the rate of $275 per hour.  *Id.* at 5.  The line item entry on June 11, 2018 is billed at $1,250.00 per hour for a paralegal tasks that should be $125 per hour.  *Id.* at 6.  The undersigned will reduce each of these entries to the appropriate hourly rates for a total reduction of **$403.75**.[7]

> ii.    Sean Greenwood, Esq.

Petitioner requests the following rates for work preformed by attorney, Sean Greenwood: $325 for work performed in 2017, $337 for work performed in 2018 and $363 for work performed in 2019.  *Id.* at 2.  Mr. Greenwood was previously awarded the rates of $325 for work in 2017and $337 for work in 2018 and the undersigned awards those rates herein.  *Prokopchuck v. Sec'y of Health & Human Servs.,* No. 16-0881V, 2018 WL 4390123, (Fed. Cl. Spec. Mstr. May 7, 2018).  Regarding the requested 2019 rate, billing records filed in support of this motion do not reflect time billed at the requested hourly rate.  The undersigned reserves the right to review Mr. Greenwood's rate request for 2019 at a later date.

> iii.   Paralegal Tasks at an Attorney Rate

Upon review of the attorney fee invoices, petitioner requests 3.7 hours of compensation for tasks billed by Ms. Smith that are considered paralegal in nature. Examples include:

---

[4] This information was obtained from the State Bar of Texas website. https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=348638

[5] http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf

[6] This amount consists of $275 - $225 = $50 x 16.70 hrs = $835.00.

[7] This amount consists of ($215 - $150 = $65 x 2.25 hrs = $146.25) + ($275 - $215 = $60 x 2 hr = $120) + ($1250 - $125 = $1,125 x 0.1 hrs = $112.50) + ($250 - $225 = $25 x 1 hr = $25)  = $403.75.

- July 18, 2017 (0.1 hrs) "Followed up on outstanding medical records"
- October 24, 2017 (0.2 hr) "Corresponded with facilities regarding outstanding medical records"
- November 10, 2017 (0.1 hr) "Called medical records company regarding outstanding records request"
- December 8, 2017 (0.5 hrs) "Organized medical records"
- June 11, 2018 (0.20 hrs) "Drafted Notice of Change of Address"

ECF No. 45-1 at 1-6.[8]

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at \*9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at \*5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at \*20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at \*5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). The undersigned reduces the rate for these tasks from the attorney rates billed to the paralegal rate of $125 per hour. This results in an overall reduction of attorney fees in the amount of **$112.00**.[9]

### III.    Attorney Costs

Petitioner requests reimbursement for costs incurred by counsel in the amount of $663.07. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of attorneys' costs sought.

### IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,777.32[10] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Kayleigh Kristine Smith.**

---

[8] These are examples and not an exhaustive list.

[9] This amount consists of ($150 - $125 = $25 x 3.4 hrs = $85) + ($215 - $125 = $90 x .3 hrs = $27) = $112.00.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.